# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SCOTT RILLEY; MICHELLE KUNZA; KENDRA BUETTNER; JOHNATHAN ALDRICH; and VENUS COLQUITT-MONTGOMERY,<br><br>Petitioners,<br><br>v.<br><br>MONEYLION OF UTAH LLC,<br><br>Respondent. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:18-mc-00755-TC-PMW<br><br>**District Judge Tena Campbell**<br><br>**Chief Magistrate Judge Paul M. Warner** |

District Judge Tena Campbell referred this case to Chief Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is petitioners Scott Rilley, Michelle Kunza, Kendra Buettner, Johnathan Aldrich, and Venus Colquitt-Montgomery's (collectively, "Petitioners") motion to enforce subpoena (the "Motion").[2] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to Civil Rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will decide the motion on the basis of the written memoranda. *See* DUCivR 7-1(f).

---

[1] *See* docket no. 3.

[2] *See* docket no. 2.

**BACKGROUND**

This matter is before the court on the Motion, which seeks an order enforcing a subpoena duces tecum served on a non-party in a putative class action, *Rilley v. MoneyMutual, LLC*, Case No. 16-cv-04001 (D. Minn.). In the underlying lawsuit, Petitioners allege that MoneyMutual, LLC; Selling Source, LLC; and Partner Weekly, LLC (collectively, "Defendants") violated Minnesota law by facilitating short-term consumer loans to Minnesota residents. During discovery in the underlying lawsuit, Defendants produced to Petitioners a spreadsheet showing leads that were sold by Defendants, when they were sold, and to which lender those leads were sold. Defendants identified MoneyLion of Utah, LLC ("Respondent") as one of the lenders, and indicated that in 2016, Respondent purchased a total of thirty-two (32) leads on potential borrowers in Minnesota. Petitioners have issued approximately 100 subpoenas on non-party lenders, including the amended subpoena served on Respondent in this action (the "Subpoena").[3]

The Subpoena requests the following documents:[4]

1. Copies of Respondent's loan agreements with Minnesota residents consummated since August 1, 2008, where contact with the Minnesota resident was initiated through one of the Defendants.

2. Documents evidencing payment history for every loan transaction that Respondent consummated with Minnesota consumers since August 1, 2009, where the contact was initiated through a lead purchased from one of the Defendants, including sufficient

---

[3] *See* docket no. 2-1 at 41-46.

[4] *See id.* at 44-45.

information to identify the consumer's bank and account number involved in the loan transaction.

3. Any agreements or contracts in effect since August 1, 2009, with companies to which Respondent furnishes information regarding loans for the purposes of credit reporting or collection.

4. Respondent's contracts with Defendants that have been in effect since August 1, 2009.

5. Communications with Defendants since August 1, 2009, relating the underlying lawsuit; the legality of Respondent's loans; Respondent's legal status as a lender; any registrations or certifications held by Respondent; any code of conduct applied by MoneyMutual, LLC or its affiliates to Respondent; complaints regarding loans; any contracts, or agreements between Respondent and Defendants; or any other lawsuits involving lending.

6. Any lending licenses Respondent has obtained from the state of Minnesota since August 1, 2009.

7. Agreements with any payment processors or banks that Respondent has used to initiate ACH transactions on Respondent's behalf with Minnesota borrowers since August 1, 2009.

## **ANALYSIS**

Under Rule 26(b)(1) of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id*. "The district court has broad discretion over the control of discovery, and [the Tenth Circuit] will not set aside discovery

rulings absent an abuse of that discretion." *Sec. & Exch. Comm'n v. Merrill Scott & Assocs., Ltd.*, 600 F.3d 1262, 1271 (10th Cir. 2010) (quotations and citations omitted). Discovery from non-parties by subpoena is governed by rule 45 of the Federal Rules of Civil Procedure, which provides that a subpoena must be quashed if it "subjects a party to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). And, "'the status of a person as a non-party is a factor that weighs against disclosure.'" *Fanjoy v. Calico Brands, Inc.*, No. 2:06MC469 DB, 2006 WL 2303115, at *2 (D. Utah Aug. 8, 2006) (quoting *Goodyear Tire & Rubber Co. v. Kirk's Tire and Auto Service Center of Haverstraw, Inc.,* 211 F.R.D. 658, 662–663 (D. Kan. 2003)).

Respondent objects to the Subpoena as overbroad, disproportionate, and unduly burdensome. The court will address each argument in turn.

### I. Overbroad as to Time

First, Respondent argues that all of the requests are overbroad as to time because although discovery in the underlying lawsuit suggests Respondent first purchased leads from Defendants in 2016, the Subpoena requests documents from August 1, 2009, to date. The court agrees that the scope of the Subpoena's requests is overbroad with respect to the time period identified. Therefore, the court hereby limits the Subpoena's requests from January 1, 2016, to date.

### II. Consumer Loan Agreements and Payment Histories

Second, Respondent argues that the Subpoena's request in paragraphs 1 and 2 for consumer loan agreements and payment history is also overbroad and burdensome as to the number of records Respondent would be required to review and identify. For their part, Petitioners offered to identify the thirty-two (32) Minnesota leads sold to Respondent identified

in Defendants' disclosure. In order to minimize the burden on Respondent, the court directs Petitioners to provide to Respondent within twenty-one (21) days of the date of this order the identities of the thirty-two (32) Minnesota leads. The relevant requests set forth in paragraphs 1 and 2 of the Subpoena will be limited to responsive documents pertaining to those thirty-two (32) leads.

### III. Contracts and Communications with Defendants

Paragraphs 4 and 5 of the Subpoena seek contracts and communications between Respondent and Defendants. Respondent argues that these requests impose an undue burden because these documents are in the possession and control of Defendants, and Petitioners' recourse if they believe Defendants have not produced all relevant documents, is to compel Defendants to produce them in the underlying lawsuit. The court disagrees. If the requested documents are in Respondent's possession, it should produce them. However, to minimize the burden on Respondent, Petitioners shall provide to Respondent, within twenty-one (21) days of the date of this order, all responsive documents produced in the underlying lawsuit by Defendants. Respondent shall confirm by way of declaration that the documents produced by Defendants are all that exist. Or, if additional responsive documents exist, Respondent shall produce them to Petitioners.

### IV. Lending Licenses

Respondent also objects to the Subpoena's request for a copy of any lending licenses Respondent has or had in Minnesota because the information is readily available to Petitioners from another source. The court is unpersuaded by this argument. Respondent has not demonstrated how this request imposes any undue burden on it. Accordingly, Respondent shall

comply with this request and produce to Petitioners any lending licenses Respondent has or had in Minnesota from January 1, 2016, to date.

**V.     Agreements with Payment Processors or Banks and Credit Reporting Agencies**

Finally, the court denies the Motion without prejudice with respect to the requests in paragraphs 3 and 7 of the Subpoena for Respondent's third-party agreements with payment processors, banks, and credit reporting agencies. Petitioners characterize these as "fallback" requests and indicate that they would withdraw them if Respondent produces the documents requested in paragraphs 1 and 2 of the Subpoena. Accordingly, the court concludes that the Motion with respect to these requests should be denied without prejudice. If Respondent does not produce the requested documents as set forth in this order, Petitioner may renew its motion.

## **CONCLUSION**

In summary, the Motion is hereby GRANTED IN PART and DENIED IN PART as follows:

1. The time frame for all requests in the Subpoena is limited to January 1, 2016, to date.

2. Within twenty-one (21) days of the date of this order, Petitioners shall provide to Respondents the identities of the thirty-two (32) Minnesota leads. The requests set forth in paragraphs 1 and 2 of the Subpoena shall be limited to responsive documents pertaining to only those thirty-two (32) leads.

3. Petitioners shall provide to Respondent, within twenty-one (21) days of the date of this order, all documents produced in the underlying lawsuit by Defendants that are responsive to the requests set forth in paragraphs 4 and 5 of the Subpoena. Respondent shall confirm by way of declaration that the documents produced by Defendants are all

that exist. Or, if additional responsive documents exist, Respondent shall produce them to Petitioners.

4. Respondent shall produce to Petitioners any lending licenses Respondent has or had in Minnesota from January 1, 2016, to date.

5. The Motion's request for an order enforcing the requests set forth in paragraphs 3 and 7 is denied without prejudice.

IT IS SO ORDERED.

DATED this 20th day of December, 2018.

BY THE COURT:

PAUL M. WARNER
Chief United States Magistrate Judge